IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE MIMEDX GROUP, INC. SECURITIES LITIGATION | CIVIL ACTION FILE NO. 1:13-CV-3074-TWT |

**OPINION AND ORDER**

This is a securities fraud class action. It is before the Court on the Defendants'
Motion for Reconsideration [Doc. 50] and the Defendants' Request for Oral Argument
[Doc. 51]. For the reasons stated below, both motions are DENIED.

**I. Background**

This case arises out of the Plaintiffs' claims that the Defendant MiMedx Group,
Inc., misled its shareholders regarding two injectable products that work to hasten the
healing process and reduce the development of scar tissue.[1] The Plaintiffs claim that
MiMedx failed to disclose that the products potentially would not be exempt from
FDA regulation.[2] Following disclosure of an "Untitled Letter" from the FDA to

---

[1]     MiMedx 2011 Annual Report, Defs.' Mot. to Dismiss, Ex. C.

[2]     Am. Compl. ¶¶ 61-70.

MiMedx, which stated that the products did not meet the requirements to be exempt, the MiMedx stock fell from $6.06 per share to $3.85 per share.[3]

The Plaintiffs filed suit on September 13, 2013, and their amended complaint asserts claims against MiMedx and its executives under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934, as well as under Rule 10b-5. The Defendants moved to dismiss the amended complaint for failure to state a claim. This Court denied that motion. The Defendants now move for reconsideration.

## II. Legal Standard

The Federal Rules of Civil Procedure do not specifically authorize motions for reconsideration. Nevertheless, such motions are common in practice. Local Rule 7.2 provides that motions for reconsideration are not to be filed "as a matter of routine practice," but only when "absolutely necessary."[4] A party may move for reconsideration only when one of the following has occurred: "an intervening change in controlling law, the availability of new evidence, [or] the need to correct clear error or prevent manifest injustice."[5] Further, a party "may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have

_____

[3]       Am. Compl. ¶¶ 71-74.

[4]       Local Rule 7.2E.

[5]       Godby v. Electrolux Corp., No. 1:93-CV-0353-ODE, 1994 WL 470220, at *1 (N.D. Ga. May 25, 1994).

been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind."[6]

## III. Discussion

To succeed on a motion for reconsideration, a party must show an intervening change in the law, the discovery of new evidence, or a need to correct a clear error or prevent manifest injustice. The Defendants here have not alleged any change in the law or the availability of new evidence. Instead, they contend this Court made three clear errors. First, the Defendants allege that this Court improperly relied on Mr. Taylor's stock sales in determining scienter.[7] Second, the Defendants argue that the Tissue Reference Group's 2006 Recommendation does not apply to their products and therefore cannot support an inference of scienter.[8] Finally, the Defendants argue that the Plaintiffs and this Court misconstrued the significance of the 2012 Establishment

---

[6] Brogdon v. National Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000); see also Godby, 1994 WL 470220, at *1 ("A motion for reconsideration should not be used to reiterate arguments that have previously been made ... '[It is an improper use of] the motion to reconsider to ask the Court to rethink what the Court [has] already thought through-rightly or wrongly.'") (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va.1983)) (alterations in original); In re Hollowell, 242 B.R. 541, 542-43 (Bankr. N.D. Ga. 1999) ("Motions for reconsideration should not be used to relitigate issues already decided or as a substitute for appeal ... Such motions also should not be used to raise arguments which were or could have been raised before judgment was issued.").

[7] Memo. of Law in Supp. of Defs.' Mot. for Reconsideration, at 3-4.

[8] Id. at 7-8.

Inspection Report (the "EIR") in determining whether an inference of scienter existed.[9]

A motion for reconsideration is not designed to give the parties a second chance to make arguments already stated in the underlying motion. As to the first argument, that the Court improperly considered Mr. Taylor's stock sales, the Defendants raised this argument in their reply brief in support of their motion to dismiss.[10] Additionally, as the Plaintiffs note, statements regarding Mr. Taylor's stock sales are contained within an SEC filing, making them subject to judicial notice.[11] It was therefore proper for this Court to consider them in deciding the motion to dismiss.[12] No clear error exists with respect to Mr. Taylor's stock sales.

The Defendants' third argument, that this Court misconstrued the EIR, fails for the same reason as the first. The Defendants previously made the same argument in both their motion to dismiss,[13] and in their reply brief in support of their motion to

---

[9]      Id. at 15.

[10]      Reply in Further Supp. of Defs.' Mot. to Dismiss, at 14-15.

[11]      Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999).

[12]      Id.

[13]      Defs.' Mot. to Dismiss, at 11-14, 17-18.

dismiss.[14] Essentially, the Defendants repackage an argument already considered and rejected by this Court, but now ask this Court to come to a different conclusion. Such a request is not proper on a motion for reconsideration. The Defendants also claim that this Court refused to weigh inferences both for and against scienter. Not so. This Court engaged in that weighing process in its initial order.[15]

The Defendants do raise a new argument with respect to the Tissue Reference Group's 2006 Recommendation. In their motion for reconsideration, the Defendants argue for the first time that the 2006 Recommendation does not apply to their products because they are not decellularized.[16] The Defendants had ample opportunity to raise this argument in support of their motion to dismiss. They chose not to. A motion for reconsideration is not the time to raise an argument that was left out of the underlying motion. Additionally, even if the argument had been raised  previously, there is no clear error that would allow this Court to grant a motion for reconsideration. When addressing the Recommendation previously, this Court considered it as part of the

---

[14]     Reply in Further Supp. of Defs.' Mot. to Dismiss, at 3-8.

[15]     Order Denying Mot. to Dismiss, at 14-16.

[16]     Defs.' Mot. for Reconsideration, at 7-14.

totality of the circumstances indicating an inference of scienter on the part of the Defendants.[17]

After careful review of the Defendants' motion to reconsider, this Court finds that it is nothing more than an attempt to present arguments that have been or should have been raised previously. Given the high standard applied on a motion for reconsideration, the Defendants' motion should be denied.

### IV. Conclusion

For the reasons stated above, the Defendants' Motion for Reconsideration [Doc. 50] is DENIED. Because the Court decides that motion on the papers, the Defendants' Request for Oral Argument [Doc. 51] is also DENIED.

SO ORDERED, this 2 day of December, 2014.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[17]      Id. at 7, 15.