UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| *In re MiMedx Group, Inc. Securities Litigation* | **Civil Action No 1:13-cv-03074-TWT** |

**STIPULATION AND AGREEMENT OF SETTLEMENT**

This Stipulation and Agreement of Settlement (the "Stipulation") dated November 17, 2015 is hereby submitted to the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the Court, this Stipulation is entered into among Lead Plaintiff Tim Kelly ("Lead Plaintiff") and Named Plaintiffs Alexina Brandford and Mark Canterna ("Named Plaintiffs") (collectively with the Lead Plaintiff, "Plaintiffs"), on behalf of themselves and the putative Settlement Class (defined below); and defendants MiMedx Group, Inc. ("MiMedx" or the "Company"), Parker H. Petit ("Petit"), Michael Senken ("Senken") and William Taylor ("Taylor") (collectively "Defendants"), by and through their respective counsel.

1.      WHEREAS, on September 9, 2013, Plaintiff Thomas Lewis filed a putative class action complaint styled as *Lewis v. MiMedx Group, Inc., et al.*, Case No. 13-cv-6302 (S.D.N.Y.) (the "Lewis Action"); on September 10, 2013, Plaintiff William Guyer filed a putative class action complaint styled as *Guyer v. MiMedx Group, Inc., et al.*, Case No. 13-civ-6328 (S.D.N.Y.) (the "Guyer Action"); on September 13, 2013 Plaintiff Spencer Abrams filed a putative class action complaint styled as *Abrams v. MiMedx Group, Inc., et al.,* Case No. 13-cv-03074 (N.D. Ga.) (the "Abrams Action"); and on September 19, 2013, Plaintiff Patricia Gladowski filed a class action complaint styled as *Gladowski v. MiMedx Group, Inc., et al.*, Case No. 1:13-cv-03128 (N.D. Ga.) (the "Gladowski Action");

2.     WHEREAS, the Lewis Action, the Guyer Action, the Abrams Action, and the Gladowski Action alleged violations of federal securities laws against Defendants;

3.     WHEREAS, on November 21, 2013, the Lewis Action and the Guyer Action were transferred to the United States District Court for the Northern District of Georgia;

4.     WHEREAS, on December 10, 2013, the United States District Court for the Northern District of Georgia consolidated the Lewis Action, the Guyer Action, the Abrams Action, and the Gladowski Action into one case with the case caption *In re MiMedx Group, Inc. Securities Litigation*, Case No. 1:13-cv-03074-TWT (N.D. Ga.) (the "Litigation") (Dkt. No. 34);

5.     WHEREAS, on December 10, 2013, the Court entered an order appointing Tim Kelly as Lead Plaintiff and The Rosen Law Firm, P.A. as Lead Counsel (Dkt. No. 34);

6.     WHEREAS, on January 27, 2014, Lead Plaintiff filed the Consolidated Amended Class Action Complaint in the Litigation which alleges violations of Section 10(b) of the Securities and Exchange Act of 1934 (the "Exchange Act") against Defendants, and violations of Section 20(a) of the Exchange Act against Petit, Senken and Taylor (Dkt. No. 37);

7.     WHEREAS, on February 27, 2014, the Defendants filed a motion to dismiss the Consolidated Amended Complaint, which was fully briefed (Dkt. Nos. 41, 43, 44);

8.     WHEREAS, on August 13, 2014, the Court issued an Order denying Defendants' Motion to Dismiss (Dkt. No. 47);

9.     WHEREAS, on September 8, 2014, Defendants filed a Motion for Reconsideration of the Court's Order denying Defendants' Motion to Dismiss, which was fully briefed (Dkt. Nos. 50, 53, 54);

10.     WHEREAS, on September 12, 2014, Defendants filed their Answer and Defenses to the Amended Complaint in which Defendants denied all allegations against them;

2

11.   WHEREAS, on October 14, 2014, the Court entered a Scheduling Order setting deadlines at various increments after the Court rules on Defendants' Motion for Reconsideration (Dkt. No. 56);

12.   WHEREAS, on December 2, 2014, the Court issued an Order denying Defendants' Motion for Reconsideration (Dkt. No. 59);

13.   WHEREAS, on  February 2, 2015, Plaintiffs filed a Motion to Amend the Complaint to Add Additional Proposed Class Representatives;

14.   WHEREAS, on February 3, 2015, the Court issued a Consent Order granting Plaintiffs' Motion to Amend the Complaint to Add Additional Proposed Class Representatives;

15.   WHEREAS, on March 16, 2015, Plaintiffs filed their Motion for Class Certification;

16.   WHEREAS, on April 15, 2015, Plaintiffs filed a Motion to Amend the Complaint to Substitute Named Plaintiff;

17.   WHEREAS, on April 16, 2015, the Court granted Plaintiffs' Motion to Amend (Dkt. No. 79);

18.   WHEREAS, on April 16, 2015, Plaintiffs filed the operative Third Consolidated Amended Class Action Complaint;

19.   WHEREAS, on May 15, 2015, Defendants filed their Response in Opposition to Plaintiffs' Motion for Class Certification and also filed a Motion to Exclude the Expert Report and Testimony of Paul Seguin;

20.   WHEREAS, on July 6, 2015, Plaintiffs filed their Reply in Further Support of Motion for Class Certification and opposition to Defendants' Motion to Exclude the Expert Report and Testimony of Paul Seguin;

21.     WHEREAS, on August 6, 2015, Defendant filed their Reply brief in further Support of Motion to Exclude the Expert Report and Testimony of Paul Seguin;

22.     WHEREAS, Plaintiffs' Motion for Class Certification and Defendants' Motion to Exclude the Expert Report and Testimony of Paul Seguin were pending at the time the parties agreed to mediate the case;

23.     WHEREAS, on September 18, 2015, the parties participated in a full-day mediation session with Jed Melnick, Esq. after submitting mediation briefs;

24.     WHEREAS, the Settlement set forth in this Stipulation is the product of further, extensive arm's-length settlement negotiations that were facilitated by an experienced mediator;

25.     WHEREAS, in recognition of the inherent risks and costs of continued litigation and the benefits of resolving this litigation, the parties to this Stipulation (the "Settling Parties") desire to settle and resolve any and all actual or potential claims by or between Plaintiffs, on the one hand, and the Defendants, on the other hand, arising out of or relating to the Litigation;

26.     WHEREAS, the Defendants deny any wrongdoing whatsoever, and this Stipulation shall in no event be construed as, or be deemed to be evidence of, an admission or concession on the part of Defendants with respect to any actual or potential claim, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Defendants have asserted. This Stipulation also shall not be construed as or be deemed to be a concession by the Plaintiffs of any infirmity in the claims asserted in the Litigation;

27.     WHEREAS, the Settling Parties wish to settle and compromise any dispute regarding the Litigation or its subject matter, including but not limited to whether the Litigation was filed by Plaintiffs and defended by the Defendants in good faith and with adequate basis in fact under Rule 11 of the Federal Rules of Civil Procedure, and agree that the Litigation is being

4

voluntarily settled after work with a mediator and on advice of counsel, and that the terms of the Settlement are fair, adequate, and reasonable;

28.     WHEREAS, Plaintiffs' Counsel has conducted an investigation relating to the claims and the underlying events and transactions alleged in the Litigation and has analyzed the facts and the applicable law with respect to the claims of Plaintiffs against Defendants and the potential defenses thereto, which in Plaintiffs' judgment have provided an adequate and satisfactory basis for the evaluation of an agreement to settle, as described in this Stipulation;

29.     WHEREAS, counsel for the Plaintiffs and counsel for the Defendants engaged in extensive arm's-length negotiations with each other, such negotiations bearing fruit in this Stipulation;

30.     WHEREAS, based upon the investigation conducted by Plaintiffs' Counsel, Plaintiffs' Counsel has concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Plaintiffs and the Settlement Class, and in their best interests, and Plaintiffs have agreed to settle the claims asserted in the Litigation pursuant to the terms and conditions of this Stipulation, after considering: (a) the substantial benefits that Plaintiffs will receive from settlement of the Litigation; (b) the attendant costs and risks of litigation; and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation;

NOW THEREFORE, without any admission or concession on the part of the Plaintiffs of any lack of merit in the Litigation whatsoever, and without any admission or concession on the part of the Defendants of any liability, wrongdoing, or lack of merit in the defenses asserted in the Litigation whatsoever,

It is hereby STIPULATED AND AGREED, by and among the Settling Parties, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Settling Parties from the Settlement, that any and all claims made, or that could have been made, including all Settled Claims (as defined below), by Plaintiffs or the Settlement Class against the Released Parties (as defined below) shall be fully and finally compromised, settled, released, and dismissed with prejudice as provided in this Stipulation, to the extent as hereafter provided, without costs as to the Settling Parties, subject to the approval of the Court, upon and subject to the following terms and conditions:

## A.    CERTAIN DEFINITIONS

As used in this Stipulation, the following terms have the meanings specified below:

1.    "Attorneys' Fees and Expenses" means the portion of the Gross Settlement Fund approved by the Court for payment to Plaintiffs' Counsel, including attorneys' fees, costs, litigation expenses, and fees and expenses of experts (excluding Notice and Administration Expenses).

2.    "Authorized Claimant" means any Claimant (as defined below) whose claim for recovery has been allowed pursuant to the terms of the Stipulation or by order of the Court.

3.    "Award to Plaintiffs" means any award by the Court to the Lead Plaintiff or Named Plaintiffs of reasonable costs and expenses directly relating to the representation of the Settlement Class pursuant to 15 U.S.C. § 78u-4(a)(4).

4.    "Claimant" means any Settlement Class Member who files a Proof of Claim and Release (as defined below) in such form and manner, and within such time, as set forth in this Stipulation, or as the Court shall prescribe.

5.      "Claims Administrator" means the accounting and claims administration firm, Strategic Claims Services, Inc., that Plaintiffs' Counsel requests be appointed by the Court to administer the Settlement and disseminate notice to the Settlement Class.

6.      "Court" means the United States District Court for the Northern District of Georgia.

7.      "Defendants" means MiMedx, Petit, Taylor and Senken.

8.      "Defendants' Counsel" means Alston & Bird LLP.

9.      "Effective Date" means the date on which all of the conditions set forth below in paragraph K.1. shall have been satisfied.

10.      "Escrow Account" means the interest-bearing account selected by the Escrow Agent. The Escrow Account shall be managed by the Escrow Agent for the benefit of the Plaintiffs and the Settlement Class until the Effective Date of the Settlement.

11.      "Escrow Agent" means the Rosen Law Firm, P.A.

12.      "Final," with respect to the Court's Order and Final Judgment, shall mean when either of the following has occurred: (a) if an appeal or review is not sought by any Person from the Order and Final Judgment, the day following the expiration of the time to appeal or petition from the Order and Final Judgment; or (b) if an appeal or review is sought from the Order and Final Judgment, the day after such Order and Final Judgment is affirmed or the appeal or review is dismissed or denied and such Order and Final Judgment is no longer subject to further judicial review.

13.      "Gross Settlement Fund" means the Settlement Amount plus all interest earned thereon.

14.      "Lead Plaintiff" means Tim Kelly.

15. "MiMedx securities" means the common stock in MiMedx.

16. "Named Plaintiffs" means Alexina Brandford and Mark Canterna.

17. "Net Settlement Fund" means the Gross Settlement Fund, less: (i) Attorneys' Fees and Expenses; (ii) Notice and Administration Expenses; (iii) taxes; (iv) any Award to Plaintiffs; and (v) other fees and expenses authorized by the Court.

18. "Notice and Administration Account" means the account to be established from the Gross Settlement Fund and maintained by Plaintiffs' Counsel. The Notice and Administration Account may be drawn upon by Plaintiffs' Counsel for Notice and Administration Expenses without further order of the Court.

19. "Notice and Administration Expenses" means all expenses incurred (whether or not paid) in connection with the preparation, printing, mailing, and publication of the Notice to the Settlement Class of the proposed settlement, all expenses associated with the Escrow Account and Escrow Agent, and all other expenses of Settlement administration; provided, however, that none of these expenses shall be deemed to include Attorneys' Fees and Expenses through the Effective Date. All such Notice and Administration Expenses shall be paid from the Gross Settlement Fund.

20. "Order and Final Judgment" means the order and judgment entered by the Court substantially in the form attached hereto as Exhibit B.

21. "Other Plaintiffs' Counsel" means any counsel who have appeared for any of the plaintiffs in the Litigation.

22. "Person" means any individual, corporation, partnership, limited liability company or partnership, limited partnership, professional corporation, association, joint stock company, trust, estate, unincorporated association, government, or any political subdivision or agency

8

thereof, any other type of legal or political entity, any representative, and, as applicable, their respective spouses, heirs, predecessors, successors-in-interest, representatives, and assigns.

23.     "Plaintiffs" means the Lead Plaintiff and the Named Plaintiffs.

24.     "Plaintiffs' Counsel" means The Rosen Law Firm, P.A.

25.     "Plan of Allocation" means the plan for allocating the Net Settlement Fund (as set forth in the Notice of Pendency and Settlement of Class Action (the "Notice"), attached as Exhibit A-1 to the Order of Preliminary Approval of Settlement) to Authorized Claimants after payment of Notice and Administration Expenses, Taxes and Tax Expenses, and Attorneys' Fees and Expenses. Any Plan of Allocation is not part of the Stipulation and the Released Parties shall have no liability with respect thereto.

26.     "Released Parties" means each of the Defendants and, with respect to each Defendant, current, former, or future parents, subsidiaries, affiliates, partners, joint venturers, assigns, officers, directors, principals, shareholders, members, agents (acting in their capacity as agents), employees, attorneys, trustees, underwriters, insurers (and their respective businesses, affiliates, subsidiaries, parents and affiliated corporations, divisions, predecessors, shareholders, partners, joint venturers, principals, insurers, reinsurers, successors and assigns, and their respective past, present and future employees, officers, directors, attorneys, accountants, auditors, agents and representatives), reinsurers, advisors, accountants, associates, spouses, estates, and/or any other individual or entity in which any Defendant has or had a controlling interest or which is or was related to or affiliated with any of the Defendants, and the current, former, and future legal representatives, heirs, executors, administrators, predecessors, successors-in-interest, or assigns of any of the foregoing.

27.     "Settled Claims" means any and all rights, liabilities, suits, debts, obligations, demands, damages, losses, judgments, matters, issues, claims (including Unknown Claims as defined below), and causes of action of every nature and description whatsoever, in law or equity, whether known or unknown, accrued or un-accrued, fixed or contingent, liquidated or un-liquidated, contingent or absolute, discoverable or undiscoverable, concealed or hidden, suspected or unsuspected, disclosed or undisclosed, whether arising under federal, state, local, statutory, common or foreign law, or any other law, rule, or regulation, and whether class and/or individual in nature, that Lead Plaintiff, Named Plaintiffs, or any Settlement Class Member asserted, could have asserted, or in the future could or might have asserted in this Litigation or any other action, court, tribunal, proceeding, or forum against any of the Released Parties arising out of, in connection with, or in any way relating to, directly or indirectly, the purchase, acquisition, sale or retention of MiMedx securities during the Settlement Class Period and the allegations, transactions, acts, facts, matters, occurrences, disclosures, statements, representations, omissions, events, or alleged misconduct that were asserted or could have been asserted in the Litigation. Settled Claims does not include claims to enforce the Settlement.

28.     "Settled Defendants' Claims" means all claims, demands, rights, remedies, liabilities, and causes of action of every nature and description whatsoever, whether based on federal, state, local, statutory, or common law, or any other law, rule, or regulation, including both known and Unknown Claims, that (i) have been or could have been asserted in the Litigation by any of the Defendants or the successors and assigns of any of them, against any of the Plaintiffs or any of their attorneys, and (ii) arise out of or relate in any way to the institution, prosecution, or Settlement of this Litigation or the Settled Claims, including but not limited to all claims for

malicious prosecution or sanctions. "Settled Defendants' Claims" does not include claims to enforce the Settlement.

29.     "Settlement Class" and "Settlement Class Members" mean, for purposes of this Settlement, all Persons who purchased MiMedx securities during the period from March 29, 2012 through September 4, 2013, inclusive.  Excluded from the Settlement Class are Defendants, all former officers and directors of MiMedx and all such excluded Persons' immediate families, legal representatives, heirs, successors, and assigns, and any entity in which any excluded Person has or had a controlling interest. Also excluded from the Settlement Class are those Persons who file valid and timely requests for exclusion in accordance with the Court's Order of Preliminary Approval of Settlement ("Preliminary Approval Order") concerning this Stipulation as set forth in Exhibit A.

30.     "Settlement Class Distribution Order" means the order entered by the Court, upon application of Plaintiffs' Counsel following the occurrence of the events identified in paragraph D.13. below, which authorizes the Claims Administrator to distribute the Net Settlement Fund to the Settlement Class.

31.     "Settlement Class Period" means the period from March 29, 2012 through September 4, 2013, inclusive.

32.     "Settlement" means the settlement contemplated by this Stipulation.

33.     "Settlement Amount" means the principal amount of $2,979,000.00 (Two Million Nine Hundred Seventy Nine Thousand Dollars and Zero Cents).  The Released Parties shall not have any obligation whatsoever to pay any amount over and above the principal amount of $2,979,000.00 (Two Million Nine Hundred Seventy Nine Thousand Dollars and Zero Cents).

34.     "Settlement Hearing" means the final hearing to be held by the Court to determine: (1) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (2) whether all Settled Claims should be dismissed with prejudice; (3) whether an order approving the Settlement should be entered thereon; (4) whether the allocation of the Settlement Fund should be approved; and (5) whether the application for an award of Attorneys' Fees and Expenses and an Award to Plaintiffs should be approved.

35.     "Unknown Claims" means (a) any of the Settled Claims that the Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties, which if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, the decision not to object to the Settlement, and (b) any Settled Defendants' Claims that any Defendant does not know or expect to exist in his, her, or its favor, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement.  With respect to any and all Settled Claims and Settled Defendant's Claims, the Settling Parties stipulate and agree that upon the Effective Date, the Settling Parties shall expressly waive, and each of the Settlement Class Members shall be deemed to have expressly waived and by operation of the Order and Final Judgment shall have expressly waived, to the fullest extent permitted by law, the provisions, rights, and benefits of Cal. Civ. Code § 1542, which provides:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

12

Plaintiffs and Defendants shall expressly, and each of the Settlement Class Members shall be deemed to have, and by operation of the Order and Final Judgment, shall have expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542.   Plaintiffs, Defendants, and the Settlement Class Members may hereafter discover facts in addition to or different from those which such party now knows or believes to be true with respect to the subject matter of the Settled Claims and the Settled Defendants' Claims, but Plaintiffs and Defendants shall expressly, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Order and Final Judgment shall have fully, finally, and forever settled and released any of the Settled Claims or the Settled Defendants' Claims, as the case may be, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.   Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Order and Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

**B.     SCOPE AND EFFECT OF SETTLEMENT AND RELEASES**

1.     The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Litigation and any and all Settled Claims as against all Released Parties and any and all Settled Defendants' Claims as against the Plaintiffs, the Settlement Class Members, and their attorneys.

2.     Pursuant to the Order and Final Judgment, upon the Effective Date of this Settlement, Plaintiffs, the Settlement Class Members, and anyone claiming through or on behalf of any of them shall have fully, finally, and forever remised, released, relinquished, and discharged, and shall forever be enjoined from prosecuting, all Settled Claims (including, without limitation, Unknown Claims), and any and all claims arising out of, relating to, or in connection with the Settlement, the Litigation, or the resolution of the Litigation, against the Released Parties, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release, except claims to enforce any of the terms of this Stipulation.

3.     The Proof of Claim and Release to be executed by the Settlement Class Members shall be substantially in the form and content contained in Exhibit A-3 to the Preliminary Approval Order attached hereto as Exhibit A.

4.     Pursuant to the Order and Final Judgment, upon the Effective Date of this Settlement, Defendants shall release and forever discharge each and every one of the Settled Defendants' Claims, and shall forever be enjoined from prosecuting the Settled Defendants' Claims as against the Plaintiffs, Settlement Class Members, or their attorneys, including but not limited to claims for malicious prosecution or sanctions.

## C.     THE SETTLEMENT CONSIDERATION

1.     Subject to the terms of this Stipulation, Defendants shall pay or cause to be paid the Settlement Amount of $2,979,000.00 (Two Million Nine Hundred Seventy Nine Thousand Dollars and Zero Cents) into the Escrow Account within the later of (i) fifteen (15) days after the Court enters the Preliminary Approval Order or (ii) the date Plaintiffs' Counsel provides Defendants' Counsel with wire instructions and a completed W-9.  The deposit of the Settlement Amount is

the only payment to be made by or on behalf of the Released Parties in connection with this Settlement.

2.      The Gross Settlement Fund, net of any Taxes (as defined below) on the income thereof and any Tax Expenses (as defined below), shall be used to pay: (i) the Notice and Administration Expenses as authorized by this Stipulation; (ii) Attorneys' Fees and Expenses authorized by the Court; (iii) any Award to Plaintiffs authorized by the Court; and (iv) other fees and expenses authorized by the Court. The balance of the Gross Settlement Fund remaining after the above payments shall be the Net Settlement Fund, which shall be distributed to the Authorized Claimants in accordance with this Stipulation.  Defendants shall have no responsibility, duties or liability with respect to the allocation of the Gross Settlement Fund between and among Plaintiffs, Plaintiffs' Counsel, Other Plaintiffs' Counsel, any Settlement Class Members, or any other Persons.

3.      Any sums required to be held in escrow hereunder shall be held by the Escrow Agent for the benefit of the Plaintiffs and the Settlement Class until the Effective Date. All funds held by the Escrow Agent shall be deemed to be *in custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to this Stipulation and/or further order of the Court. Other than amounts disbursed for providing notice to the Settlement Class, customary administration costs, and Taxes and Tax Expenses, and the Attorneys Fees and Expenses (which shall be paid to Plaintiffs' Counsel within two business days after the Court executes an order awarding such fees and expenses), the remainder of the Settlement Fund shall not be distributed until the Effective Date. The Escrow Agent shall not disburse the Gross Settlement Fund, or any portion thereof, except as provided in this Stipulation, or upon Order of the Court.

4.     The Escrow Agent shall invest any funds in excess of $150,000.00 in short-term United States Treasury Securities (or a mutual fund invested solely in such instruments), and shall collect and reinvest all interest accrued thereon. Any funds held in escrow in an amount of less than $150,000.00 may be held in a bank account insured to the extent possible by the Federal Deposit Insurance Corporation. Interest earned on the money deposited into the Escrow Account shall be part of the Gross Settlement Fund.

5.     The Notice and Administration Expenses shall be paid from the Gross Settlement Fund. In order to pay Notice and Administration Expenses, $100,000.00 (One Hundred Thousand Dollars and Zero Cents) from the payment by the Defendants shall be withdrawn from the Gross Settlement Fund and deposited into a Notice and Administration Account upon payment by the Defendants. Any monies from the Notice and Administration Fund that remain after administration shall be returned to the Net Settlement Fund. The Notice and Administration Account may be drawn upon by Plaintiffs' Counsel for Notice and Administration Expenses without further Court approval. The Notice and Administration Account shall be administered solely by the Escrow Agent. Any taxes or other expenses incurred in connection with the Notice and Administration Account shall be paid from the Notice and Administration Account or from the remainder of the Gross Settlement Fund. The Released Parties shall not have any obligation for payment of taxes or other expenses associated with the Notice and Administration Account. Notice and Administration Expenses in excess of $100,000.00 (One Hundred Thousand Dollars and Zero Cents) shall not be paid out of the Gross Settlement Fund until after the Effective Date. In no event shall an amount more than the Settlement Amount be paid for Notice and Administration Expenses, and in no event shall the Released Parties be responsible to pay any amount for Notice and Administration Expenses.

6.      The Settling Parties shall have access to all records of the Escrow Account, and upon request made to the Escrow Agent, shall receive copies of all records of disbursements, deposits, and statements of accounts.

7.      After the Effective Date, the Released Parties shall have no interest in the Gross Settlement Fund or in the Net Settlement Fund. The Released Parties shall not be liable for the loss of any portion of the Settlement Fund, nor have any liability, obligation, or responsibility for the payment of claims, taxes, legal fees, or any other expenses payable from the Gross Settlement Fund.

## D.      ADMINISTRATION AND CALCULATION OF CLAIMS, FINAL AWARDS, AND DISTRIBUTION OF NET SETTLEMENT FUND

1.      The Claims Administrator shall administer and calculate the claims that shall be allowed and oversee distribution of the Net Settlement Fund, under the supervision of Plaintiffs' Counsel, and subject to appeal to, and jurisdiction of, the Court. The Released Parties shall have no liability, obligation, or responsibility for the administration of the Gross Settlement Fund or Net Settlement Fund, or for the distribution of the Net Settlement Fund.

2.      Except as otherwise provided below, on and after the Effective Date, the Gross Settlement Fund shall be applied as follows:

a.      To the extent not paid from the Notice and Administration Account, to pay following an order of the Court approving any such payment, the expenses incurred in connection with providing notice to Settlement Class Members, administering and distributing the Net Settlement Fund to Settlement Class Members, processing Proofs of Claim, processing requests for exclusion, escrow fees and costs, and any applicable taxes;

b.      Subject to the approval and further order(s) of the Court, the Net Settlement Fund shall be allocated to Authorized Claimants as set forth in paragraph F. below.

17

c.      After the Claims Administrator calculates the recognized losses of each Authorized Claimant, Plaintiffs' Counsel shall file a motion for distribution of the Settlement Fund with the Court listing each Authorized Claimant, the amount of each claim that Plaintiffs' Counsel believes should be allocated and distributed to each such Authorized Claimant, accounting for all Notice and Administration Expenses, and requesting Court approval to distribute the Settlement Fund to the Authorized Claimants and pay any further Notice and Administration expenses.

3.      Each Settlement Class Member wishing to participate in the Settlement shall be required to submit a Proof of Claim and Release (in substantially the form set forth in Exhibit A-3 hereto, which *inter alia* releases all Settled Claims against all Released Parties), signed under penalty of perjury by the beneficial owner(s) of the MiMedx securities that are the subject of the Proof of Claim and Release, or by someone with documented authority to sign for the beneficial owners and supported by such documents as specified in the instructions accompanying the Proof of Claim and Release.

4.      All Proofs of Claim must be postmarked or received within the time prescribed in the Preliminary Approval Order unless otherwise ordered by the Court. Any Settlement Class Member who fails to submit a properly completed Proof of Claim within such period as shall be authorized by the Court shall be forever barred from receiving any payments pursuant to this Stipulation or from the Net Settlement Fund (unless Plaintiffs' Counsel in its discretion deems such late filing to be a formal or technical defect, or unless by Order of the Court a later submitted Proof of Claim by such Settlement Class Member is approved), but will in all other respects be subject to the provisions of this Stipulation and Order and Final Judgment, including, without limitation, the release of the Settled Claims and dismissal of the Litigation. Provided that it is received before the motion for the Settlement Class Distribution Order is filed, a Proof of Claim

shall be deemed to have been submitted when posted if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

5.       Each Proof of Claim shall be submitted to the Claims Administrator who shall determine, under the supervision of Plaintiffs' Counsel, in accordance with this Stipulation and any applicable orders of the Court, the extent, if any, to which each claim shall be allowed, subject to appeal to the Court. No later than seven (7) days prior to disbursement of the Net Settlement Fund, Plaintiffs' Counsel shall provide Defendants with a list of Proofs of Claim received by the Claims Administrator indicating which Proofs of Claim have been allowed by the Claims Administrator.

6.       Following notice to Defendants' Counsel, Plaintiffs' Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim filed, where doing so is in the interest of achieving substantial justice.

7.       Proofs of Claim that do not meet the filing requirements may be rejected. Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate with the Claimant in order to remedy curable deficiencies in the Proof of Claim submitted. The Claims Administrator, under the supervision of Plaintiffs' Counsel, shall notify in a timely fashion and in writing, all Claimants whose Proofs of Claim they propose to reject in whole or in part, setting forth the reasons thereof, and shall indicate in such notice that the Claimant whose claims are to be rejected has the right to review by the Court if the Claimant so desires and complies with the requirement of paragraph D.8. below.

8.      If any Claimant whose claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within ten (10) days after the date of mailing of the notice required by paragraph D.7. above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Plaintiffs' Counsel shall thereafter present the request for review to the Court.

9.      The administrative determination of the Claims Administrator accepting and rejecting claims shall be presented to the Court, on notice to Defendants' Counsel, for approval by the Court in the Settlement Class Distribution Order.

10.      Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's claim. No discovery shall be allowed on the merits of the Litigation or Settlement in connection with processing of the Proofs of Claim.

11.      Payment pursuant to this Stipulation shall be deemed final and conclusive against all Settlement Class Members. All Settlement Class Members whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but are otherwise bound by all of the terms of the Order and Final Judgment to be entered in the Litigation and the releases provided for in this Stipulation, and will be barred from bringing any action against the Released Parties arising out of or relating to the Settled Claims.

12.     All proceedings with respect to the administration, processing, and determination of claims described in this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

13.     The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator upon application to the Court by Plaintiffs' Counsel for a Settlement Class Distribution Order only after all of the following having occurred: (i) the Effective Date; (ii) all claims have been processed, and all Claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (iii) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; (iv) all matters with respect to Attorneys' Fees and Expenses, costs, and disbursements have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; and (v) all costs of administration have been paid.

        If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall be re-distributed, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution, to Settlement Class Members who have cashed their checks and who would receive at least $10.00 from such re-distribution. If any funds shall remain in the Net Settlement Fund six months after such re-

distribution, then such balance shall be contributed to an eligible IRS Section 501(c)(3) non-sectarian, organization selected by Plaintiffs' Counsel.

14.     Before the Effective Date, Plaintiffs' Counsel shall file with the Court a declaration under penalty of perjury describing how notice of the Settlement was given to the Settlement Class.

## E.     TAX TREATMENT

1.     The Settling Parties agree to treat the Gross Settlement Fund as being at all times a qualified settlement fund within the meaning of Treasury Regulation § 1.468B-1 and Section 468B of the Internal Revenue Code, as amended, for the taxable years of the Gross Settlement Fund, beginning with the date it is created. In addition, the Escrow Agent and, as required, the Settling Parties, shall jointly and timely make such elections as are necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Plaintiffs' Counsel to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

2.     For purposes of Section 468B of the Internal Revenue Code, as amended, and the regulations promulgated thereunder, the "administrator" shall be Plaintiffs' Counsel. Plaintiffs' Counsel shall timely and properly file all tax returns necessary or advisable with respect to the Gross Settlement Fund, and make all required tax payments, including deposits of estimated tax payments in accordance with Treas. Reg. § 1.468B-2(k). Such returns (as well as the election described in paragraph E.1. hereof) shall be consistent with this paragraph and reflect that all taxes (including any interest or penalties) on the income earned by the Gross Settlement Fund shall be paid out of the Gross Settlement Fund as provided in paragraph E.2. hereof.

3.      All (i) taxes (including any interest or penalties) arising with respect to the income earned by the Gross Settlement Fund, including any taxes or tax detriments that may be imposed upon Defendants with respect to any income earned by the Gross Settlement Fund for any period during which the Gross Settlement Fund does not qualify as a qualified settlement fund for Federal or state income tax purposes ("Taxes"); and (ii) expenses and costs incurred in connection with the operation and implementation of this paragraph (including, without limitation, expenses of tax attorneys and/or accountants, and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this paragraph) ("Tax Expenses"), shall be paid out of the Gross Settlement Fund. In all events, the Released Parties shall have no liability for Taxes or the Tax Expenses, and Plaintiffs and Plaintiffs' Counsel agree to indemnify and hold the Released Parties harmless for Taxes and Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid by the Escrow Agent out of the Gross Settlement Fund without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything in this Stipulation to the contrary) to withhold from distribution to the Settlement Class Members any funds necessary to pay such Taxes and Tax Expenses, including the establishment of adequate reserves for any Taxes and Tax Expenses. The Released Parties shall have no responsibility or liability therefor. The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

F.      **ALLOCATION OF NET SETTLEMENT FUND**

1.      The Plan of Allocation is based upon Plaintiffs' Counsel's assessment of the merits and the relative strengths and weaknesses, including recoverable damages, of the claims of the Settlement Class Members.

2.      Defendants do not take any position as to the proposed Plan of Allocation and shall have no responsibility for or obligations or liabilities of any kind whatsoever in connection with the proposed or finalized Plan of Allocation.

3.      The Released Parties shall have no responsibility for and no obligations or liabilities of any kind whatsoever in connection with the determination, administration, calculation, or payment of claims to Settlement Class Members.

4.      Defendants shall have no involvement in the solicitation of, or review of Proofs of Claim, or involvement in the administration process itself, which shall be conducted by the Claims Administrator in accordance with this Stipulation and the Order and Final Judgment to be entered by the Court. No Claimant or Authorized Claimant shall have any claim against the Released Parties or their counsel based on, or in any way relating to, the distributions from either the Gross Settlement Fund or the Net Settlement Fund.

5.      No Authorized Claimant shall have any claim against Plaintiffs' Counsel or the Claims Administrator based on, or in any way relating to, the distributions from the Net Settlement Fund that have been made substantially in accordance with this Stipulation and any applicable orders of the Court.

6.      Any change in the allocation of the Net Settlement Fund ordered by the Court shall not affect the validity, finality or enforceability of this Settlement.

## G.      OBLIGATIONS OF AND LIMITATIONS OF LIABILITY OF ESCROW AGENT

1.      The Escrow Agent's obligations shall be limited to maintaining account of and properly paying sums as required by this Stipulation to the limited extent that such sums have been delivered into the Escrow Account or Notice and Administration Account as required by this

Stipulation. The Escrow Agent shall be liable only for acts of fraud, gross negligence, willful misconduct or material violations of the obligations in this Stipulation.

## H.  PLAINTIFFS' COUNSEL'S REQUEST FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES

1.  Plaintiffs' Counsel intends to submit an application to the Court, on notice to counsel for Defendants, for the payment of Attorneys' Fees and Expenses, including: (i) an award of attorneys' fees up to one-third of the Settlement Amount; (ii) reimbursement of litigation costs and expenses, plus interest, including fees and expenses of experts, incurred in connection with the prosecution of the Litigation; and (iii) an Award to Plaintiffs.

2.  Any attorneys' fees and costs and Award to Plaintiffs awarded by the Court shall be paid from the Gross Settlement Fund within two (2) business days after the full Settlement Amount is fully funded pursuant to the terms of this Stipulation. Plaintiffs' Counsel may thereafter allocate the attorneys' fees among Other Plaintiffs' Counsel in a manner in which Plaintiffs' Counsel in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Litigation. If, and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the Attorneys' Fees and Expense award is overturned or lowered, or if the settlement is terminated or is not approved by the Court, or if there is an appeal and any order approving the settlement does not become final and binding upon the Settlement Class, then, within five (5) business days from receiving notice from Defendants' Counsel or such an order from a court of appropriate jurisdiction, Plaintiffs' Counsel and Other Plaintiffs' Counsel shall refund to the Settlement Fund such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification. Each Plaintiffs' Counsel and Other Plaintiffs' Counsel receiving fees and expenses, as a condition of receiving such fees and

expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing this Stipulation

3.     The other Settling Parties shall take no position on any application concerning Plaintiffs' Counsel's request or award of attorneys' fees and reimbursement of expenses, or Award to Plaintiffs.

4.     It is agreed that the procedure for and the allowance or disallowance by the Court of any applications by Plaintiffs' Counsel for Attorneys' Fees and Expenses, including fees for experts and consultants to be paid out of the Gross Settlement Fund, and any order or proceeding relating thereto, shall not operate to terminate or cancel this Stipulation or affect its finality, and shall have no effect on the terms of this Stipulation or on the enforceability of this Settlement. The approval of the Settlement shall not be contingent on the award of attorneys' fees, expenses or any other amounts to Plaintiffs or their Counsel. The Released Parties shall have no responsibility or liability for the allocation among Plaintiffs' Counsel and Other Plaintiffs' Counsel, and/or among any other Person, of any Fee and Expense Award that the Court may make in the Litigation.

## I.     THE PRELIMINARY APPROVAL ORDER

1.     Promptly after execution of this Stipulation, Defendants and Plaintiffs shall submit the Stipulation together with its exhibits to the Court and shall jointly apply for entry of a Preliminary Approval Order in connection with settlement proceedings substantially in the form annexed hereto as Exhibit A, providing for, among other things, preliminary approval of the Settlement and notice to the Settlement Class of the Settlement Hearing. The Preliminary Approval Order (Exhibit A hereto) to be submitted to the Court shall contain exhibits substantially in the form set forth in: (i) the Notice of Pendency and Settlement of Class Action (the "Notice") (Exhibit

A-1 to the Preliminary Approval Order); (ii) the Summary Notice of Pendency and Settlement of Class Action ("Summary Notice") (Exhibit A-2 to the Preliminary Approval Order); and (iii) the Proof of Claim and Release (Exhibit A-3 to the Preliminary Approval Order).

2.      The Released Parties are not liable or responsible for the method of, or representations made in, the Notice or the Summary Notice.

**J.      ORDER AND FINAL JUDGMENT TO BE ENTERED BY THE COURT APPROVING THE SETTLEMENT**

1.      Defendants and Plaintiffs shall seek to have the Court enter an Order and Final Judgment substantially in the form of Exhibit B hereto.

**K.      CONDITIONS OF SETTLEMENT**

1.      The Effective Date of the Settlement shall be conditioned upon the occurrence of ALL of the following events:

a.      The Court shall enter the Preliminary Approval Order substantially in the form of Exhibit A hereto;

b.      No party shall have exercised within the required time period any right to terminate the Settlement as permitted by paragraph L. below;

c.      The Court shall enter the Order and Final Judgment substantially in the form of Exhibit B hereto;

d.      The Court's Order and Final Judgment, substantially in the form of Exhibit B, shall have become "Final," as defined in paragraph A.12.;

e.      The Settlement Amount shall have been paid, as set forth in paragraph C.1. above;

2.      Upon occurrence of ALL of the events referenced in paragraph K.1. above, Plaintiffs shall have, and each and all of the members of the Settlement Class shall hereby be

deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever remised, released, waived, settled, and discharged, in accordance with the terms of paragraph B. above, the Released Parties from and with respect to the Settled Claims, whether or not such members of the Settlement Class execute and deliver a Proof of Claim.

3.      Upon occurrence of ALL of the events referenced in paragraph K.1. above, the obligation of the Escrow Agent to return funds from the Gross Settlement Fund to Defendants pursuant to paragraph L.3. or any other provision of this Stipulation shall be absolutely and forever extinguished.

## L.      RIGHTS OF TERMINATION AND EFFECTS THEREOF

1.      Each of the Defendants and Plaintiffs shall each have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so to all other counsel of the Settling Parties within thirty (30) days after the date on which any of the following occurs:

a.      the Court declines to enter the Preliminary Approval Order substantially in the form of Exhibit A hereto;

b.      the Court issues an order declining to approve this Stipulation or any material part of it;

c.      the Court declines to enter the Order and Final Judgment substantially in the form of Exhibit B hereto;

d.      the Order and Final Judgment is modified or reversed in any material respect by a Court of Appeals or the United States Supreme Court;

e.      in the event that the Court enters an order and final judgment in a form other than that provided above (an "Alternative Judgment") and none of the Settling Parties elects to

terminate this Settlement, the date that such Alternative Judgment is modified or reversed in any material respect by a Court of Appeals or the Supreme Court.

2.      If prior to the Settlement Hearing, (i) Persons who otherwise would be Settlement Class Members have filed with the Court valid and timely requests for exclusion ("Requests for Exclusion") from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the notice given pursuant thereto, and such Persons in the aggregate purchased MiMedx common stock during the Settlement Class Period in an amount greater than the amounts specified in a separate Supplemental Agreement between the parties (the "Supplemental Agreement"), or (ii) Persons file lawsuits alleging fraud in connection with the purchase of more than the number of MiMedx shares specified in the Supplemental Agreement, then each Defendant shall have the option to terminate this Stipulation and Settlement in strict accordance with the requirements and procedures set forth in the Supplemental Agreement ("Opt-out Termination Option"). The Supplemental Agreement shall not be filed with the Court unless and until a dispute among the parties concerning its interpretation or application arises, but may be examined in camera if so requested or ordered by the Court. Copies of all Requests for Exclusion received, together with copies of all written revocations of Requests for Exclusion, shall be delivered to the Defendants no later than fourteen (14) days prior to the Settlement Hearing. The required procedure for and consequences of exercising an Opt-out Termination Option are as follows:

a.      To exercise the Opt-out Termination Option, Defendant(s) must serve written notice, signed by their counsel, upon counsel for the other Settling Parties, not less than seven (7) days before the Settlement Hearing;

b.      If Defendants exercise the Opt-out Termination Option as provided in this Stipulation, this Stipulation shall be null and void, and the provisions of paragraph L. hereof shall apply.

3.      Upon termination of the Stipulation pursuant to the terms of the Stipulation, the Escrow Agent shall refund the Gross Settlement Fund, less amounts actually and properly disbursed for Notice and Administration Costs pursuant to the terms of the Stipulation, to Defendants within ten (10) business days thereafter (the "Returned Settlement Amount").

4.      If this Stipulation is terminated pursuant to its terms, and at the request of any Defendants or Plaintiffs, the Escrow Agent or the Escrow Agent's designee shall apply for any tax refund owed to the Gross Settlement Fund and pay the percentage of the proceeds of the tax refund, after deduction of any fees and expenses incurred in connection with such application(s) for refund, to Defendants.

5.      If this Stipulation is terminated pursuant to its terms, all of the Settling Parties shall be deemed to have reverted to their respective status prior to the execution of this Stipulation, and they shall proceed in all respects as if this Stipulation had not been executed and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Litigation, and shall revert to their respective positions in the Litigation, except that the provisions of paragraphs E.1-3, G., L.3-6., M.9.-10, and M.12. shall survive termination.

6.      No order of the Court or modification or reversal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, and expenses awarded by the Court shall constitute grounds for termination of the Stipulation.

## M.     MISCELLANEOUS PROVISIONS

1.     The Settling Parties: (a) acknowledge that it is their intent to consummate the Settlement contemplated by this Stipulation; (b) agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Stipulation; and (c) agree to exercise their best efforts and to act in good faith to accomplish the foregoing terms and conditions of the Stipulation.

2.     The Settling Parties acknowledge and warrant as follows:

a.     By executing this Stipulation, each of the Settling Parties represents that they have carefully read and fully understand this Stipulation and its final and binding effect;

b.     By executing this Stipulation, each of the Settling Parties represents that they have the right, legal capacity, power and authority to enter into this Stipulation and to perform their obligations hereunder, without requiring additional consent, approval, or authorization of any other person, board, entity, tribunal, or other regulatory or governmental authority;

c.     By executing this Stipulation, each of the Settling Parties represents that the execution and delivery of this Stipulation and the performance of each and every obligation in this Stipulation do not and will not result in a breach of or constitute a default under, or require any consent under, any duty, relationship, contract, agreement, covenant, promise, guarantee, obligation or instrument to which the executing Settling Party is a party or by which the executing Settling Party is bound or affected;

d.     By executing this Stipulation, each of the Settling Parties represents that there is no demand for monetary, non-monetary, or injunctive relief, or any civil, criminal, administrative, or arbitration proceeding for monetary, nonmonetary, or injunctive relief known or

31

suspected to exist against them that would affect this Stipulation or their ability to enter into, execute or perform each and every obligation in this Stipulation;

e.      By executing this Stipulation, each of the Settling Parties represents that no representations, warranties, inducements or promises of any kind or character have been made by any other Settling Party, Released Party, or anyone else to induce the execution of this Stipulation except as expressly provided in this Stipulation;

f.      By executing this Stipulation, each of the Settling Parties represents that this Stipulation is fair and is executed voluntarily, with full knowledge of the consequences and implications of the obligations contained in this Stipulation;

g.      By executing this Stipulation, each of the Settling Parties represents that this Stipulation is not the result of any fraud, duress, or undue influence, and that they have not assigned, transferred, or conveyed, or purported to assign, transfer, or convey, voluntarily, involuntarily or by operation of law, any or all of their respective rights and claims or any security interest with respect to any of their respective rights and claims;

h.      By executing this Stipulation, each of the Settling Parties represents that they have had the opportunity to be represented by counsel of their choice throughout the negotiations which preceded the execution of this Stipulation and in connection with the preparation and execution of this Stipulation; and

i.      By executing this Stipulation, each of the Settling Parties represents that they have been afforded sufficient time and opportunity to review this Stipulation with advisors and counsel of their choice.

3.      All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth in this Stipulation.

4.      No amendment or modification of this Stipulation shall be effective unless in writing and signed by the Settling Parties or their successors-in-interest.

5.      Plaintiffs' Counsel's Attorneys' Fees and Expenses, subject to Court approval, shall be paid only out of the Gross Settlement Fund, and the Released Parties shall have no obligation with respect to the payment of said Attorneys' Fees and Expenses.

6.      Plaintiffs' Counsel, on behalf of the Settlement Class, is expressly authorized to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Stipulation to effectuate its terms and is also expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Settlement Class.

7.      The persons signing this Stipulation represent that they are authorized to do so on behalf of their respective clients.

8.      This Stipulation may be executed in one or more original, photocopied, PDF copies or facsimile counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.  A copy of the complete set of executed counterparts of this Stipulation shall be electronically filed with the Court.

9.      This Stipulation shall be binding upon, and inure to the benefit of, the successors, assigns, executors, administrators, heirs, and representatives of the Settling Parties. No assignment shall relieve any party hereto of any obligations hereunder.

10.     All terms of this Stipulation and all exhibits hereto shall be governed and interpreted according to the laws of the State of Georgia without regard to its rules of conflicts of law, except to the extent that federal law requires that federal law governs, and in accordance with the laws of the United States.

11.     The Plaintiffs, on behalf of themselves and each member of the Settlement Class, and the other Settling Parties hereby irrevocably submit to the jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or relating to this Stipulation, the applicability of this Stipulation, or the enforcement of this Stipulation. The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of Attorneys' Fees and Expenses to Plaintiffs' Counsel, Awards to Plaintiffs, and enforcing the terms of this Stipulation.

12.     Because of the arm's-length negotiations that preceded the execution of this Stipulation, all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

13.     Neither this Stipulation, nor the fact of the Settlement, is an admission or concession by Defendants of any liability or wrongdoing whatsoever. This Stipulation shall not constitute a finding of the validity or invalidity of any factual allegation or any claims in the Litigation or of any liability or wrongdoing by any of the Released Parties. This Stipulation, the fact of settlement, the settlement proceedings, the settlement negotiations, and any related documents, shall not be used or construed as an admission of any factual allegation, fault, liability, or wrongdoing by any person or entity.

14.     The Settling Parties intend the Settlement to be a final and complete resolution of all claims and disputes asserted or that could be asserted by the Settlement Class Members against the Released Parties with respect to the Settled Claims. Accordingly, unless the Court's Order and Final Judgment approving the Settlement does not become Final, the Settling Parties agree not to assert in any forum that the Litigation was brought by Plaintiffs or defended by Defendants in bad

faith or without a reasonable basis. Additionally, the Settling Parties shall not assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Litigation. The Settling Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

15.     The headings in this Stipulation are used for purposes of convenience and ease of reference only and are not meant to have any legal effect, nor are they intended to influence the construction of this Stipulation in any way.

16.     The waiver of one Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver of any other breach of this Stipulation. The provisions of this Stipulation may not be waived except by a writing signed by the affected Settling Party or counsel for that Settling Party. No failure or delay on the part of any Settling Party in exercising any right, remedy, power, or privilege under this Stipulation shall operate as a waiver thereof or of any other right, remedy, power, or privilege of such Settling Party under this Stipulation; nor shall any single or partial exercise of any right, remedy, power, or privilege under this Stipulation on the part of any Settling Party operate as a waiver thereof or of any other right, remedy, power, or privilege of such Settling Party under this Stipulation, or preclude further exercise thereof or the exercise of any other right, remedy, power, or privilege.

17.     The Settling Parties agree that nothing contained in this Stipulation shall cause any Settling Party to be the agent or legal representative of another Settling Party for any purpose whatsoever, nor shall this Stipulation be deemed to create any form of business organization between the Settling Parties, nor is any Settling Party granted any right or authority to assume or

create any obligation or responsibility on behalf of any other Settling Party, nor shall any Settling Party be in any way liable for any debt of another Settling Party as a result of this Stipulation except as explicitly set forth in this Stipulation.

18.     Except as otherwise provided herein, all agreements made and orders entered during the court of the Litigation relating to the confidentiality of information shall survive this Stipulation.

THE REMAINDER OF THIS PAGE IS LEFT INTENTIONALLY BLANK

IN WITNESS WHEREOF, the Settling Parties, intending to be legally bound by this Stipulation, have caused this Stipulation to be executed, by their duly authorized attorneys, as of the day and year first above written.

**THE ROSEN LAW FIRM, P.A.**

Laurence M. Rosen, Esq.
Philip Kim, Esq.
Sara Fuks, Esq.
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827

*Lead Counsel for Plaintiffs*

**ALSTON & BIRD LLP**

Todd David, Esq.
Lisa Bugni, Esq.
1201 West Peachtree St., Suite 4200
Atlanta, GA 30309
Telephone: (404) 881-4959
Fax: (404)253-8359

*Counsel for Defendants MiMedx Group, Inc.,*
*Parker H. Petit, Michael Senken and William Taylor*

Exhibit A

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

### ATLANTA DIVISION

| | |
|---|---|
| *In re MiMedx Group, Inc. Securities Litigation* | **Civil Action No 1:13-cv-03074**<br>**Hon. Thomas W. Thrash**<br><br>**CLASS ACTION** |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, (i) Lead Plaintiff Tim Kelly ("Lead Plaintiff") and named Plaintiffs Alexina Brandford and Mark Canterna ("Named Plaintiffs", and with Lead Plaintiff, the "Plaintiffs"), on behalf of themselves and the putative settlement class and (ii) defendants MiMedx Group, Inc. ("MiMedx" or the "Company"), Parker H. Petit ("Petit"), Michael Senken ("Senken") and William Taylor ("Taylor") (collectively "Defendants") have agreed to settlement of all claims asserted in this Litigation against all of the Defendants;

WHEREAS, that Settlement was entered into through a Stipulation of Settlement, dated November 17, 2015 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed Settlement of the claims alleged in the Complaint filed in the Litigation on the merits and with prejudice; and

WHEREAS, the Court having read and considered the Stipulation, the proposed "Notice of Pendency and Proposed Settlement of Class Action" ("Notice"), the proposed "Summary Notice of Pendency and Proposed Class Action Settlement" ("Summary Notice"), the proposed Plan of Allocation of the Net Settlement Fund among Settlement Class Members, the proposed form of the Proof of Claim and Release ("Proof of Claim"), the proposed form of Order and Final

1

Judgment, and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____, 2015, that:

1.      Unless indicated otherwise, capitalized terms used herein have the same meanings defined in the Stipulation.

2.      Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, claims in the Litigation against Defendants are hereby preliminarily certified as a class action on behalf of all Persons who purchased MiMedx common stock during the period from March 29, 2012 through September 4, 2013, inclusive who were allegedly damaged thereby.  Excluded from the Settlement Class are Defendants, all former officers and directors of MiMedx and all such excluded Persons' immediate families, legal representatives, heirs, successors, and assigns, and any entity in which any excluded Person has or had a controlling interest.  Also excluded from the Settlement Class are those Persons who file valid and timely requests for exclusion in accordance with this Order

3.      This Court finds, preliminarily and for purposes of Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) the Plaintiffs will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of settlement only, Lead Plaintiff and Named Plaintiffs are certified as the class representatives on behalf of the Settlement Class and the Lead Counsel previously selected by Lead Plaintiff and appointed by the Court, is hereby appointed as Lead Counsel for the Settlement Class (or "Class Counsel").

5.      A hearing (the "Final Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e) shall be held before the Court on _____ 2016 at _____ .m. for the following purposes:

a.      to consider whether the Litigation satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) for the purpose of effectuating the Settlement;

b.      to finally determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

c.      to finally determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Litigation on the merits and with prejudice, and to determine whether the release by the Settlement Class of the Released Parties as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to bring any claims extinguished by the release;

d.  to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

e.  to consider the application of Plaintiffs' Counsel for an award of Attorneys' Fees and Expenses and an Award to Plaintiffs;

f.  to consider any Settlement Class Members' objections to the Settlement, whether submitted previously in writing or presented orally at the Final Settlement Hearing by Settlement Class Members (or by counsel on their behalf); and

g.  to rule upon such other matters as the Court may deem appropriate.

6.      The Court reserves the right to adjourn the Settlement Hearing to a later date and to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Complaint, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded any Attorneys' Fees and Expenses or Award to Plaintiffs.

7.      The Court reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Settling Parties and without further notice to the Settlement Class where to do so would not impair Settlement Class Members' rights in a manner inconsistent with Rule 23 and due process of law.

8.      The Court approves the form, substance and requirements of (a) the Notice, (b) the Summary Notice and (c) the Proof of Claim, all of which are exhibits to the Stipulation.

9.      Plaintiffs' Counsel has the authority to enter into the Stipulation on behalf of the Settlement Class and is authorized to act on behalf of the Settlement Class Members with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

10.     Any Settlement Class Member may enter an appearance in the Litigation at his, her or its own expense, individually or through counsel of his, her or its own choice. Settlement Class Members who do not enter appearances shall be represented by Plaintiffs' Counsel. Any Settlement Class Member who anticipates the need and wishes to appeal any aspect of the Stipulation or Settlement should formally move to intervene as a party under Rule 24 of the Federal Rules of Civil Procedure.

11.     Strategic Claims Services is approved as the Claims Administrator for the Settlement.

12.     Plaintiffs' Counsel, through the Claims Administrator, shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, within sixteen (16) calendar days of the entry of this Order, to all Settlement Class Members who can be identified with reasonable effort by the Claims Administrator.

13.     Plaintiffs' Counsel are authorized to establish a Notice and Administration Account (as defined in the Stipulation) of $100,000 (One Hundred Thousand Dollars), to be used for reasonable out-of-pocket costs in connection with providing notice of the Settlement to the Settlement Class and for other reasonable out-of-pocket administrative expenses. After the Effective Date, additional amounts may be transferred from the Settlement Fund to the Notice and Administration Account.

14.     Any and all issuers, securities firms or transfer agents holding transfer records which indicate the legal owners of MiMedx common stock currently or during the Class Period are hereby ordered to produce such transfer records in a usable electronic format to Plaintiffs' Counsel or the Claims Administrator within fourteen (14) calendar days of receipt of a copy of this Order.  Any fees or costs associated with obtaining the transfer records shall be paid from the Notice and Administration Account.

15.     Plaintiffs' Counsel, through the Claims Administrator, shall also make all reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased MiMedx common stock during the Class Period. Within ten (10) calendar days after receiving the Notice, such nominee purchasers are directed to forward copies of the Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and in the latter case, the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such beneficial owners. Additional copies of the Notice shall be made available to any record holder requesting same for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice and Proof of Claim to beneficial owners. In addition, promptly upon execution of this Order, the Notice shall be made available for review on Strategic Claims Services' website.

16.     Plaintiffs' Counsel shall, at or before the Settlement Hearing, serve upon Defendants' Counsel, and file with the Court, proof of mailing of the Notice and Proof of Claim, both to Settlement Class Members and to nominees.

17.     Plaintiffs' Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *GlobeNewswire* and in print once in the *Investor's Business Daily* within sixteen calendar days after the entry of this Order. Plaintiffs' Counsel shall, at or before the Settlement Hearing, serve upon Defendants' Counsel and file with the Court proof of publication of the Summary Notice.

18.     The forms and methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. No Settlement Class Member will be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

19.     In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

        a.     A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, and received no later than sixty (60) calendar days from the date of this Order. Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail) provided such Proof of Claim is actually received before the filing of a motion for an

Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

b. The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly filled out, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Plaintiffs' Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

c. Once the Claims Administrator has considered a timely-submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate,

describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least seven (7) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

d.    For the filing of and all determinations concerning their Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court.

20.    All Settlement Class Members who do not submit valid and timely Proofs of Claim will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects by subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered.

21.    Settlement Class Members shall be bound by all determinations and judgments in the Litigation, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than twenty one (21) calendar days prior to the Final Settlement Hearing or _____ 2016, to the addresses listed in the Notice. Such request for exclusion shall clearly indicate the name and address and phone number and e-mail contact information (if any) of the person seeking exclusion, state that the sender specifically requests to be excluded from the Settlement Class, and must be signed by such person. Such persons requesting exclusion are also required to specify all their purchases and sales of MiMedx common stock during the Class Period, including the date, number of shares and price of the shares purchased or sold and include account documentation substantiating such purchases and sales. The request for exclusion shall not be effective unless it provides the required information, is legible,

and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Plaintiffs' Counsel may contact any person or entity filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

22. Settlement Class Members requesting exclusion from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund.

23. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the application for Attorneys' Fees and Expenses and any payment to Plaintiffs, only if such comments or objections and any supporting papers are served to be received at least fourteen (14) calendar days prior to the Settlement Hearing, upon each of the following:

**COUNSEL FOR PLAINTIFFS AND THE CLASS:**

Laurence M. Rosen, Esq.
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 34th Floor
New York, NY 10016
Tel.:  212-686-1060
Fax:  212-202-3827

**COUNSEL FOR DEFEDANTS:**

Lisa R. Bugni, Esq.
ALSTON & BIRD LLP
1201 West Peachtree St., Suite 4200
Atlanta, GA 30309
Tel: 404-881-4959
Fax: 404-253-8359

and the objector has (by that same date) filed said objections, papers and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, United States District Court, Richard R. Russell Federal Building, 2211 United States Courthouse, 27 Ted Turner Drive SW, Atlanta, GA 30303. Attendance at the Settlement Hearing is not necessary but persons wishing to be heard orally in opposition to the Settlement, the Plan of Allocation, and/or the application for

Attorneys' Fees and Expenses or Award to Plaintiffs are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

24.     Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application for an award of Attorneys' Fees and Expenses and a payment to Plaintiffs.

25.     The Court reserves the right to adjourn the Settlement Hearing or any adjournment thereof without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Settlement Class.

26.     All papers in support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses or a payment to Plaintiffs shall be filed and served twenty eight (28) calendar days before the Settlement Hearing.

27.     Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses or a payment to Plaintiffs shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

28.     Pending final determination of whether the Settlement should be approved, all Settlement Class Members, and each of them, and anyone acting or purporting to act for any of

them, shall be enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of, any Settled Claims. In addition, the Litigation is stayed.

29.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Plaintiffs regarding the merits of the claims made in the Litigation. Neither the Stipulation nor any of the terms and provisions of the Settlement set forth therein, nor any statements made, acts performed or documents executed in the negotiation of, pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or truth of any of the allegations in the Litigation or the validity of any of the Released Claims, or of any fault, wrongdoing or liability of any of the Defendants and their Related Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants and their Related Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

30.     In the event the Settlement is not consummated pursuant to its terms, the Stipulation, except as otherwise provided therein, including any amendment(s) thereto, and this Order, shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or referred to in any action or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed before the execution of the Stipulation, pursuant to the terms of the Stipulation.

31.     The Court retains exclusive and specific jurisdiction over the action to consider all further matters arising out of, or relating to, the Settlement, including by way of illustration and not limitation, any dispute concerning any Proof of Claim filed by any Settlement Class Member and any future requests by one or more of the Settling Parties that the Final Order and Judgment,

the Release and/or the permanent injunction set forth in the Stipulation be enforced. Notwithstanding the foregoing, by entering into the Stipulation and Settlement, the Settling Parties shall not be deemed to have submitted generally to the jurisdiction of the Court or to the State of Georgia or for any purpose other than as set forth in this paragraph.

Dated:_____, 2015

_____
HON. THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

Exhibit A-1

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

## ATLANTA DIVISION

| | |
|---|---|
| *In re MiMedx Group, Inc. Securities Litigation* | **Civil Action No 1:13-cv-03074**<br>**Hon. Thomas W. Thrash**<br><br>**CLASS ACTION**<br><br>**NOTICE OF PENDENCY AND**<br>**SETTLEMENT OF CLASS ACTION** |

## NOTICE OF PENDENCY AND
## SETTLEMENT OF CLASS ACTION

If you purchased or otherwise acquired shares of MiMedx Group, Inc. ("MiMedx" or the "Company") common stock during the period from March 29, 2012 through and including September 4, 2013 ("Settlement Class Period") you could get a payment from a class action settlement (the "Settlement").

*Under law, a federal court has authorized this notice.*

If approved by the Court, the settlement will provide $2,979,000.00 in cash to pay claims of investors who purchased MiMedx common stock during the period from March 29, 2012 through and including September 4, 2013 ("Settlement Class Period").
.

- The Settlement represents an average recovery of $.03 per share of MiMedx common stock for the 97,851,013 shares outstanding as of September 4, 2013, the end of the Class Period. A share may have been traded more than once during the Class Period. This estimate solely reflects the average recovery per outstanding share of MiMedx common stock. The indicated average recovery per share will be the total average recovery for all purchasers of that share. This is not an estimate of the actual recovery per share you should expect. Your actual recovery will depend on the aggregate losses of all Class Members, the date(s) you purchased and sold MiMedx stock and the total number and amount of claims filed.

- Attorneys for the Lead Plaintiffs ("Lead Counsel") intend to ask the Court to award them fees of $993,000 or one third (33.33%) of the Settlement Amount, reimbursement of litigation expenses of no more than $265,000, and an award to the Lead and Named

Plaintiffs not to exceed $4,500 each. Collectively, the attorneys' fees and expenses are estimated to average $0.013 per share of MiMedx common stock. If approved by the Court, these amounts will be paid from the Settlement Fund.

- The approximate recovery, after deduction of attorneys' fees and expenses approved by the Court, is an average of $0.017 per share of MiMedx common stock. This estimate is based on the assumptions set forth in the preceding paragraph. Your actual recovery, if any, will vary depending on your purchase price and sales price, and the number and amount of claims filed.

- The Settlement resolves the lawsuit concerning whether MiMedx and certain of its officers and directors made false and misleading statements, in violation of federal securities laws, based upon the allegations set forth in the Amended Complaint, including that MiMedx misrepresented the status of certain of its products as qualifying for exemption from FDA regulation. Defendants MiMedx, Parker H. Petit ("Petit"), William Taylor ("Taylor") and Michael Senken ("Senken") (collectively, "Defendants") deny all allegations of misconduct.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this notice carefully.

2

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

| | |
|---|---|
| **SUBMIT A CLAIM FORM NO LATER THAN _____ __, 2016** | The only way to get a payment. |
| **EXCLUDE YOURSELF NO LATER THAN _____ __, 2016** | Get no payment.  This is the only option that allows you to be part of any other lawsuit against the Defendants about the legal claims in this case. |
| **OBJECT NO LATER THAN _____ __, 2016** | Write to the Court about why you do not like the settlement. |
| **GO TO A HEARING ON _____ __, 2016** | Speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment.  Give up rights. |

## INQUIRIES

**Please do not contact the Court regarding this notice.**  All inquiries concerning this Notice, the Proof of Claim form, or any other questions by Class members should be directed to:

MiMedx Group, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 3
Media, PA 19063
Tel.:  866-274-4004
Fax:  610-565-7985
info@strategicclaims.net

**or**

THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 34th Floor
New York, NY 10016
Tel.:  212-686-1060
Fax:  212-202-3827
info@rosenlegal.com

## COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT

1.      **Why did I get this Notice?**

3

You or someone in your family may have acquired MiMedx common stock during the Class Period.

**2.       What is this lawsuit about?**

The case is known as In re MiMedx Group, Inc., et al Securities Litigation, Case No. 13-CV-03074 (the "Litigation"), and the Court in charge of the case is the United States District Court for the Northern District of Georgia.

The Class Action involves whether the Defendants violated the federal securities laws because the Company allegedly made false and misleading statements to the investing public as set out in the complaint, including that their AmnioFix and EpiFix Injectible products met all of the requirements of Section 361 of the Public Health Services Act and were therefore exempt from regulation by the FDA. The Defendants deny they did anything wrong.   The Settlement resolves all of the claims in the Class Action against the Defendants.

**3.       Why is this a class action?**

In a class action, one or more persons and/or entities, called Lead Plaintiffs, sue on behalf of all persons and/or entities who have similar claims.  All of these persons and/or entities are referred to collectively as a Class, and these individual persons and/or entities are known as Class Members.  One court resolves all of the issues for all Class Members, except for those Class Members who exclude themselves from the Class.

**4.       Why is there a Settlement?**

Plaintiffs and the Defendants do not agree regarding the merits of Plaintiffs' allegations with respect to liability or the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail at trial on each claim.  The issues on which the Plaintiffs and the Defendants disagree include:  (1) whether the Defendants made false and misleading statements; (2) whether the Defendants made these statements with the intent to defraud the investing public; (3) whether the statements were the cause of the

Class Members' alleged damages; and (4) the amount of damages, if any, suffered by the Class Members.

This matter has not gone to trial and the Court has not decided in favor of either  Plaintiffs or the Defendants.  Instead, Plaintiffs and the Defendants have agreed to settle the Class Action.  Plaintiffs and Lead Counsel believe the settlement is best for all Class Members because of the risks associated with continued litigation and the nature of the defenses raised by the Defendants.  Even if Plaintiffs win at trial, and also withstand the Defendants' inevitable challenge on appeal, Plaintiffs might not be able to collect some, or all, of the judgment.

**5.      How do I know if I am part of the Class settlement?**

To be a Class Member, you must have purchased or otherwise acquired MiMedx common stock during the Period from March 29, 2012 through and including September 4, 2013.

**6.      Are there exceptions to being included?**

Yes. Excluded from the Class are the Defendants, all former officers and directors of MiMedx, and all such excluded Persons' immediate families, legal representatives, heirs, successors, and assigns, and any entity in which any excluded Person has or had a controlling interest. Also, if you exclude yourself from the Class, as described below, you are not a part of the Class.

**7.      What does the Settlement provide?**

**a.      What is the Settlement Fund?**

The proposed Settlement calls for the Defendants to create a Settlement Fund (the "Settlement Fund") consisting of $2,979,000 in cash. The Settlement is subject to Court approval.  Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay Plaintiffs' attorneys' fees and reasonable litigation expenses and any award to Lead and Named Plaintiffs.  A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and any notice and claims administration expenses permitted by the Court.  After the foregoing deductions from the

Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Class Members who submit valid claims.

**b.      What can you expect to receive under the proposed Settlement?**

Your share of the Net Settlement Fund will or may depend on:  (i) the number of claims filed; (ii) the dates you purchased and sold MiMedx common stock; (iii) the prices of your purchases and sales; (iv) the amount of administrative costs, including the costs of notice; and (v) the amount awarded by the Court to Lead and Named Plaintiffs and Lead Counsel for attorneys' fees, costs, and expenses.

The Claims Administrator will determine each Class Member's *pro rata* share of the Net Settlement Fund based upon each Class Member's valid "Recognized Loss." The Recognized Loss formula is not intended to be an estimate of the amount that a Class Member might have been able to recover after a trial; it also is not an estimate of the amount that will be paid to Class Members pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Class Members with valid claims.

The Net Settlement Fund will be distributed to Class Members who submit valid, timely claim forms ("Authorized Claimants") under the below Plan of Allocation, which reflects Plaintiffs' contention that because of the alleged misrepresentations made by Defendants, the price of MiMedx common stock was artificially inflated during the Class Period and that disclosure of the true facts caused changes in the inflated stock price.

Plan of Allocation

For purposes of determining the amount an Authorized Claimant will recover from the Settlement, Lead Counsel with the aid of a financial consultant, has developed the Plan of Allocation. It is designed to fairly allocate the proceeds of the Net Settlement Fund to Authorized Claimants.

The Court has not made any finding that the Released Parties are liable to the Class or that the Class has suffered any compensable damages, nor has the Court made any finding that the payments allowed under this Plan of Allocation are an accurate measure of damages.

The Claims Administrator will determine each Class Member's *pro rata* share of the Net Settlement Fund based upon each claimant's "Recognized Claim" from transactions in MiMedx Stock as a member of the Class. No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

A claimant's Recognized Claim will be calculated as follows:

**For shares of common stock purchased between March 29, 2012 and September 4, 2013, inclusive:**

A.      For shares retained at the end of trading on September 4, 2013 the Recognized Claim shall be the lesser of:

(1)      $2.21 per share; or
(2)      the difference between the purchase price per share and $5.00[1].

B.      For shares sold between March 29, 2012 and September 3, 2013, inclusive, the Recognized Claim shall be zero.

C.      For shares sold on September 4, 2013, the Recognized Claim shall be the lesser of:

(1)      $2.21  per share; or
(2)      the difference between the purchase price per share and the sales price per share for each share sold.

c.      **Are there any further limitations on the amount I may receive?**

i)      To the extent there are sufficient funds in the Net Settlement Fund, each Class Member with a Recognized Loss that satisfies the requirements

---

[1] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated."  The mean (average) daily closing trading price of MiMedx common stock during the 90-day period is calculated for the period beginning on September 4, 2013 and ending on December 2, 2013.

approved by the Court ("Authorized Claimant") will receive an amount equal to the Authorized Claimant's Recognized Loss described above.  If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total of the Recognized Losses of all Authorized Claimants.

ii)   For Class members who conducted multiple transactions in MiMedx common stock during the Class Period, the earliest subsequent sale shall be matched first against those shares in the Claimant's opening position on the first day of the Class Period, and then matched chronologically thereafter against each purchase made during the Class Period.

iii)   Transactions during the Class Period resulting in a gain shall be netted against the Class Members transactions resulting in a loss to arrive at the Recognized Loss.

iv)   Any Class members whose collective transactions in MiMedx common stock during the Class Period resulted in a net gain shall not be entitled to share in the Net Settlement Fund.

v)   The purchase and sales prices exclude any brokerage commissions, transfer taxes or other fees.

vi)   The covering purchase of a short sale is not an eligible purchase.  Gifts and transfers are not eligible purchases.

**8.   How can I get a payment?**

To qualify for a payment, you must send in a form entitled "Proof of Claim and Release" form.  This claim form is attached to this Notice.  You may also obtain a claim form on the Internet at www.strategicclaims.net.  Read the instructions carefully, fill out the form, sign it in the location indicated, and mail the claim form together with all documentation requested in the form, postmarked no later than _____ __, 2016, to:

MiMedx Group, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 3
Media, PA 19063
Tel.:  866-274-4004
Fax:  610-565-7985
info@strategicclaims.net

The Claims Administrator will process your claim and determine whether you are an "Authorized Claimant."

**9.      What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself, you will remain in the Class. That means that if the Settlement is approved, you and all Class Members will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) all claims against the Defendants, any of their current, former, or future parents, subsidiaries, affiliates, partners, joint venturers, assigns, officers, directors, principals, shareholders, members, agents (acting in their capacity as agents), employees, attorneys, trustees, underwriters, insurers (and their respective businesses, affiliates, subsidiaries, parents and affiliated corporations, divisions, predecessors, shareholders, partners, joint venturers, principals, insurers, reinsurers, successors and assigns, and their respective past, present and future employees, officers, directors, attorneys, accountants, auditors, agents and representatives), reinsurers, advisors, accountants, associates, spouses, estates, and/or any other individual or entity in which any Defendant has or had a controlling interest or which is or was related to or affiliated with any of the Defendants, and the current, former, and future legal representatives, heirs, executors, administrators, predecessors, successors-in-interest, or assigns of any of the foregoing ("Released Parties") in connection with your acquisition or sale of MiMedx common stock during the Class Period, except that you do not release the Released Parties from any claim or action to enforce the Settlement.  It also means that all of the Court's orders will apply to you and legally bind you.  If you sign the claim form, you are agreeing to a "Release of Claims," which will bar you from ever filing a lawsuit against any Released Party to recover losses from the acquisition or sale of MiMedx common stock during the Class Period, except to enforce the Settlement.  That means you will accept a share in the Net Settlement Fund as sole compensation for any losses you have suffered in the acquisition and sale of MiMedx common stock during the Class Period.

**10.      How do I get out of the Settlement?**

If you do not want to receive a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue the Defendants on your own based on the

legal claims raised in this Class Action, then you must take steps to get out of the Settlement.  This is called excluding yourself from – or "opting out" of – the Settlement.  To exclude yourself from the Settlement, you must mail a letter stating you want to be excluded as a Class Member from In re MiMedx Group, Inc. Securities Litigation, Case No. 13-CV-03074. Be sure to include your name, address, telephone number and your signature, along with an accurate list of all of your purchases and sales of MiMedx common stock.  You must mail your exclusion request, postmarked no later than _____ __, 2015, to:

In re MiMedx Group, Inc., Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 3
Media, PA 19063
Tel.:  866-274-4004
Fax:  610-565-7985
info@strategicclaims.net

You cannot exclude yourself by telephone or by e-mail.  If you ask to be excluded, you will not receive a settlement payment, and you cannot object to the Settlement.  If you ask to be excluded, you will not be legally bound by anything that happens in this Class Action.

**11.    If I do not exclude myself, can I sue the Defendants for the same thing later?**

No.  Unless you exclude yourself, you give up any right to sue the Defendants for the claims that this Settlement resolves.  If you have a pending lawsuit, speak to your lawyer in that case immediately, since you may have to exclude yourself from this Class to continue your own lawsuit.

**12.    Do I have a lawyer in this case?**

The Court has not certified this action as a class action. Until the Court certifies this action as a class action, you do not have a lawyer unless you actually retain one.

**13.    How will the lawyers be paid?**

Lead Counsel have expended considerable time litigating this action on a contingent fee basis, and have paid for the expenses of the litigation themselves and have not been paid

attorneys' fees in advance of this Settlement. Lead Counsel have done so with the expectation that if they are successful in recovering money for the Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation.  Lead Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund.  Therefore, Lead Counsel will file a motion asking the Court at the Settlement Hearing to make an award of attorneys' fees in an amount not to exceed $993,000, for reimbursement of reasonable litigation expenses not to exceed $265,000, and an award to the Lead Plaintiffs in amounts not to exceed $4,500 each.  The Court may award less than these amounts.  Any amounts awarded by the Court will come out of the Settlement Fund.

**14.     How do I tell the Court that I do not like the Settlement?**

You can tell the Court you do not agree with the Settlement, any part of the Settlement, or Lead Counsel's motion for attorneys' fees, and that you think the Court should not approve the Settlement, by mailing a letter stating that you object to the Settlement in the matter of In re MiMedx Group, Inc. Securities Litigation, Case No. 13-CV-03074.  Be sure to include your name, address, telephone number, your signature, a list of your purchases and sales of MiMedx common stock in order to show your membership in the Class, and all of the reasons you object to the Settlement.  Be sure to mail the objections to the three different places listed below, postmarked no later than _____ __, 2016, so the Court will consider your views:

Clerk of the Court
United States District Court
Richard B. Russell Federal Building
2211 United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303

Laurence M. Rosen, Esq.
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 34th Floor
New York, NY 10016
Tel.:  212-686-1060
Fax:  212-202-3827

*Lead Counsel for Plaintiffs and the Class*

Lisa R. Bugni, Esq.
ALSTON & BIRD LLP
1201 West Peachtree St., Suite 4200
Atlanta, GA 30309
Tel: 404-881-4959
Fax: 404-253-8359

*Counsel for Defendants MiMedx Group, Inc., Parker Petit, William Taylor and Michael Senken*

**15.    What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court you do not like something about the Settlement.  You can object only if you stay in the Class.  Requesting exclusion is telling the Court you do not want to be part of the Class and Settlement.  If you exclude yourself, you cannot object to the Settlement because it no longer concerns you.  If you stay in the Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

**16.    When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Settlement Hearing on _____ __, 2016, at __:__ _.m., at the United States District Court for the Northern District of Georgia, Atlanta Division at 2211 United States Courthouse 75 Ted Turner Drive, SW, Atlanta, GA 30303.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to approve the Settlement.  If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay Lead Counsel for attorneys' fees and expenses.

**17.    Do I have to come to the hearing?**

-12-

No.  Lead Counsel will answer any questions the Court may have.  However, you are welcome to attend at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mail your written objection on time, the Court will consider it.

**18.    What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement.  However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants about the claims made in this case ever again.

DATED:  _____, 2015.

BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

## ATLANTA DIVISION

| | |
|---|---|
| *In re MiMedx Group, Inc. Securities Litigation* | **Civil Action No 1:13-cv-03074**<br>**Hon. Thomas W. Thrash**<br><br>**CLASS ACTION** |

## SUMMARY NOTICE OF PENDENCY
## AND SETTLEMENT OF CLASS ACTION

**TO:   ALL PERSONS WHO PURCHASED MIMEDX GROUP, INC. COMMON STOCK DURING THE PERIOD FROM MARCH 29, 2012 THROUGH SEPTEMBER 4, 2013, INCLUSIVE.**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Northern District of Georgia, that a hearing will be held on _____ at ____ _.m. before the Honorable Thomas W. Thrash, Jr., United States District Judge for the Northern District of Georgia, Atlanta Division at 2211 United States Courthouse 75 Ted Turner Drive, SW, Atlanta, GA 30303 (the "Settlement Hearing") for the purpose of determining: (1) whether the proposed Settlement consisting of the sum of $2,979,000 should be approved by the Court as fair, reasonable, and adequate; (2) whether the proposed plan to distribute the settlement proceeds is fair, reasonable, and adequate; (3) whether the application for an award of attorneys' fees of $993,000 or one-third and reimbursement of expenses of not more than $265,000 and a service award of no more than $4,500 each to Lead Plaintiff and Named Plaintiffs ("Plaintiffs"), should be approved; and (4) whether the Litigation should be dismissed with prejudice.

If you purchased or otherwise acquired MiMedx common stock during the settlement class period from March 29, 2012 through September 4, 2013, inclusive and have not received a

detailed Notice of Pendency and Settlement of Class Action and a copy of the Proof of Claim and Release, you may obtain copies by writing to the Claims Administrator at: MiMedx Group, Inc. c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 3 Media, PA 19063 866-274-4004 (Tel) 610-565-7985 (Fax); info@strategicclaims.net, or going to the website, www.strategicclaims.net.  If you are a member of the Settlement Class, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release postmarked no later than _____, 2016 to the Claims Administrator, establishing that you are entitled to recovery. Unless you submit a written exclusion request, you will be bound by any judgment rendered in the Litigation whether or not you make a claim. If you desire to be excluded from the Settlement Class, you must submit a request for exclusion postmarked no later than _____, 2016, in the manner and form explained in the detailed Notice to the Claims Administrator.

Any objection to the Settlement, Plan of Allocation, or Class Counsel's request for an award of attorneys' fees and reimbursement of expenses must be in the manner and form explained in the detailed Notice and postmarked no later than _____, 2016, to each of the following:

Clerk of the Court
United States District Court
Richard B. Russell Federal Building
2211 United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303

**COUNSEL FOR PLAINTIFFS AND THE CLASS:**

Laurence M. Rosen, Esq.
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 34th Floor
New York, NY 10016
Tel.:  212-686-1060
Fax:  212-202-3827

**COUNSEL FOR DEFENDANTS:**

Lisa R. Bugni, Esq.
ALSTON & BIRD LLP
1201 West Peachtree St., Suite 4200
Atlanta, GA 30309
Tel: 404-881-4959
Fax: 404-253-8359


      If you have any questions about the Settlement, you may call or write to Class Counsel:

Laurence M. Rosen, Esq.
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

DATED: _____

               _____
               BY ORDER OF THE UNITED STATES
               DISTRICT COURT FOR THE NORTHERN
               DISTRICT OF GEORGIA

## PROOF OF CLAIM AND RELEASE

**Deadline for Submission:** _____

IF YOU PURCHASED MIMEDX GROUP, INC. COMMON STOCK DURING THE PERIOD FROM MARCH 29, 2012 THROUGH SEPTEMBER 4, 2013, INCLUSIVE ("SETTLEMENT CLASS PERIOD") YOU ARE A "SETTLEMENT CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS.

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.

YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE ("PROOF OF CLAIM") AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN _____ TO STRATEGIC CLAIM SERVICES, THE CLAIMS ADMINISTRATOR, AT THE FOLLOWING ADDRESS:

In re MiMedx Group, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 3
Media, PA 19063
Tel.: 866-274-4004
Fax: 610-565-7985

YOUR FAILURE TO SUBMIT YOUR CLAIM BY _____, 2016 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOU FROM RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.

### CLAIMANT'S STATEMENT

1. I (we) purchased MiMedx common stock and was (were) damaged thereby. (Do not submit this Proof of Claim if you did not purchase MiMedx common stock during the designated Class Period.)
2. By submitting this Proof of Claim, I (we) state that I (we) believe in good faith that I am (we are) a Class Member as defined above and in the Notice of Pendency and Settlement of Class Action (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Litigation or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

IN RE MIMEDX GROUP, INC. SECURITIES LITIGATION

3. I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Litigation or Settlement in connection with processing of the Proof of Claim.

4. I (we) have set forth where requested below all relevant information with respect to each purchase of MiMedx common stock during the Class Period and each sale, if any, of such securities. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5. I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, sale or retention of MiMedx common stock listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6. I (we) understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your recognized claim. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivative securities such as options.)

7. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) current, past and future trusts, estates, beneficiaries, heirs, joint tenants, tenants in common, executors, administrators, trustees, predecessors, successors, partners, spouses, parents, subsidiaries, affiliates, attorneys, consultants, experts, brokers, creditors, insurers, agents, representatives, and assigns, and any Person claiming through or on behalf of any of them, of all of the Settled Claims (including, without limitation, Unknown Claims) and any and all claims arising out of, relating to, or in connection with the Settlement, the Litigation, and/or the resolution of the Litigation against each of the "Released Parties," as defined in the Notice and the Stipulation.

8. NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All Claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions whether or not they also submit

IN RE MIMEDX GROUP, INC. SECURITIES LITIGATION

electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at 1-866-274-4004 or visit their website at www.strategicclaims.net to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## I. CLAIMANT INFORMATION

| Name: |
|---|
| |
| Address: |
| |

| City | State | ZIP |
|---|---|---|
| Foreign Provence | Foreign Country | |
| Day Phone | Evening Phone | |
| Email | | |

| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|

## II. SCHEDULE OF TRANSACTIONS IN MIMEDX COMMON STOCK

**Beginning Holdings:**

A.  State the total number of shares of MiMedx common stock owned at the close of trading on March 28, 2012, long or short (*must be documented).*

**Purchases:**

B.  Separately list each and every open market purchase of MiMedx common stock during the period from March 29, 2012 through and including September 4, 2013, and provide the following information (*must be documented):*

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**Sales:**C.  Separately list each and every sale of MiMedx common stock during the period from March 29, 2012 through and including September 4, 2013, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price per Share | Amount Received (Excluding Commissions, |
|---|---|---|---|

| | | | Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**Ending Holdings:**

D.  State the total number of shares of MiMedx common stock owned at the close of trading on September 4, 2013, long or short (*must be documented*).

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

## III. SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s). For most individuals, this is your Social Security Number. The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number. If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | or | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
| _____ | | _____ |

## IV. CERTIFICATION

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding, or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

IN RE MIMEDX GROUP, INC. SECURITIES LITIGATION

Signature of Claimant (If this claim is being made
on behalf of Joint Claimants, then each must sign):

_____
(Signature)


_____
(Signature)


_____
(Capacity of person(s) signing, e.g. beneficial
purchaser(s), executor, administrator, trustee, etc.)
☐    Check here if proof of authority to file is enclosed.
(See Item 2 under Claimant's Statement)


Date: _____


**THIS PROOF OF CLAIM MUST BE POSTMARKED NO LATER THAN _____, 2016
AND MUST BE MAILED TO:**

In re MiMedx Group, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 3
Media, PA 19063
Tel.: 866-274-4004
Fax: 610-565-7985


A Proof of Claim received by the Claims Administrator shall be deemed to have been
submitted when posted, if mailed by _____, 2016 and if a postmark is indicated on the
envelope and it is mailed first class and addressed in accordance with the above
instructions. In all other cases, a Proof of Claim shall be deemed to have been submitted
when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to process fully all of the
Proofs of Claim and to administer the Settlement. This work will be completed as promptly
as time permits, given the need to investigate and tabulate each Proof of Claim. Please
notify the Claims Administrator of any change of address.

### REMINDER CHECKLIST

o   Please be sure to sign this Proof of Claim on page 6.  If this Proof of Claim is
submitted on behalf of joint claimants, then both claimants must sign.

IN RE MIMEDX GROUP, INC. SECURITIES LITIGATION

o   Please remember to attach supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

o   Do NOT use highlighter on the Proof of Claim or any supporting documents.

o   If you move after submitting this Proof of Claim, please notify the Claims Administrator of the change in your address.

Exhibit B

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

## ATLANTA DIVISION

|  |  |
|---|---|
| *In re MiMedx Group, Inc. Securities Litigation* | **Civil Action No 1:13-cv-03074**<br>**Hon. Thomas W. Thrash**<br><br>**CLASS ACTION** |

## ORDER AND FINAL JUDGMENT

On the ____ day of _____, 2016, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated November 17, 2015 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against defendants MiMedx Group, Inc. ("MiMedx" or the "Company"), Parker H. Petit ("Petit"), Michael Senken ("Senken") and William Taylor ("Taylor") (collectively "Defendants") and (2) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that the Notice substantially in the form approved by the Court in the Court's Order Preliminarily Approving Settlement and Providing For Notice ("Preliminary Approval Order") was mailed to all reasonably identifiable Settlement Class Members and otherwise made available on Strategic Claims Services' website; and

It appearing that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with that Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.     Unless indicated otherwise, capitalized terms used herein have the same meanings as set forth and defined in the Stipulation.

2.     The Court has jurisdiction over the subject matter of the Litigation, Plaintiffs, all Settlement Class Members and the Defendants.

3.     The Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this Litigation. The Settlement Class is being certified for settlement purposes only.

4.     Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies as a settlement class all persons who purchased MiMedx common stock during the period from March 29, 2012 through September 4, 2013, inclusive, who were allegedly damaged thereby.  Excluded from the Settlement Class are Defendants, all former officers and directors of MiMedx and all such excluded Persons' immediate families, legal representatives, heirs, successors, and assigns, and any entity in which any excluded Person has or had a

controlling interest.  Also excluded from the Settlement Class are those Persons who file valid and timely requests for exclusion in accordance with the Preliminary Approval Order.

5.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs are certified as the class representatives on behalf of the Settlement Class and the Lead Counsel previously selected by Lead Plaintiff and appointed by the Court, is hereby appointed as Lead Counsel for the Settlement Class (or "Class Counsel").

6.     The Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons entitled to such notice.  No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon.   Thus, it is hereby determined that all members of the Settlement Class are bound by this Order and Final Judgment except those persons listed on Exhibit A to this Order and Final Judgment.

7.     The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Plaintiffs. Plaintiffs and Defendant are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8.     The Litigation and the operative Consolidated Amended Complaint are hereby dismissed in their entirety, with prejudice, and without costs.

9.     Plaintiffs and the Settlement Class Members hereby remise, release and forever discharge the Released Parties from any and all Settled Claims. Plaintiffs and the Settlement Class members are hereby permanently and forever enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of the Settled Claims against the Released Parties, as set forth in the Stipulation.

10.    Each of the Defendants, including any and all of his/her/its successors in interest or assigns, hereby releases and forever discharges any and all Settled Defendants' Claims, to the extent they relate to the subject matter of this Litigation or its prosecution thereof, against the Plaintiffs, any of the Settlement Class Members, and any of their counsel, including Class Counsel.

11.    Subject to the provisions of the Stipulation, Plaintiffs and the Settlement Class Members are barred from commencing, prosecuting, or asserting any claim, if any, however styled, whether for indemnification, contribution, or otherwise and whether arising under state, federal or common law, against the Released Parties based upon, arising out of, or relating to the Settled Claims; and Defendants are barred from commencing, prosecuting, or asserting any claim, if any, however styled, whether for indemnification, contribution, or otherwise and whether arising under state, federal or common law, against Plaintiffs, the Settlement Class Members, and any of their counsel, including Class Counsel, based upon, arising out of, or relating to the Settled Defendants' Claims, including the prosecution or institution of this Litigation.

12.    The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Class Members.

4

13.     The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

14.     Neither this Order and Final Judgment, the Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

        a.     referred to or used against the Released Parties or against the Plaintiffs or the Settlement Class as evidence of wrongdoing by anyone;

        b.     construed against the Released Parties or against the Plaintiffs or the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

        c.     construed as, or received in evidence as, an admission, concession or presumption against the Settlement Class or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund; or used or construed as an admission of any fault, liability or wrongdoing by any person or entity, or offered or received in evidence as an admission, concession, presumption or inference against any of the Released Parties in any proceeding other than such proceedings as may be necessary to consummate or enforce the Stipulation.

15.     Exclusive and specific jurisdiction is hereby retained over the Settling Parties for all matters relating to the Litigation, including the administration, interpretation, effectuation or enforcement of the Stipulation, the Settlement, or this Order and Final Judgment, and including

any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Class Members.

16.    Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17.    There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

18.    The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on Plaintiffs' Counsel's application for an award of Attorneys' Fees and Expenses and/or Award to Plaintiffs.

19.    In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated and the Settlement and all orders entered in connection therewith shall be rendered null and void, and the parties shall be deemed to have reverted to their respective status prior to the execution of the Stipulation, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Litigation, and shall revert to their respective positions in the Litigation.

Dated:_____, 2016

_____
HON. THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE